UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
    Plaintiff,

vs

RON ERDOS, et al.,
    Defendants.

Case No. 1:15-cv-696

Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983 against defendants Ron Erdos, William Kool, Larry Greene, Walter Sammons, Luke Vansickle, Cynthia Davis, Capt. Bell, Capt. Howard, Lt. Bower, Sgt. Felts, Sgt. Bare, and C.O. Patrick. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 15). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has also filed two motions for leave to file an amended complaint. (Doc. 2, 7). Plaintiff's first motion for leave to amend (Doc. 2) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1)(B). For the reasons stated below, plaintiff's second motion to amend should be **DENIED**. (Doc. 7).

### I. Plaintiff's Complaint and First Amended Complaint

This matter is before the Court for a *sua sponte* review of the complaint, as amended,[1] to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] The undersigned liberally views the first amended complaint as supplementing the original complaint filed in this action.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that he was attacked by defendants Vansickle and Patrick on September 29, 2015. (Doc. 1-1, Complaint at PageID 16). Plaintiff alleges that during recreation, defendant Patrick demanded that he return equipment that he had been using. After returning the equipment, plaintiff claims that Vansickle and Patrick choked him from behind, threw him against the wall, and twisted his wrist. (*See id.* at PageID 19; Ex. A at PageID 21). Plaintiff further alleges that defendants John Doe, Bare, Felts, and Dillow made multiple

3

inappropriate comments to him following the incident. He claims that he told defendant Bower about the situation, but that no action was taken by him. (*Id.* at PageID 16–17).

Plaintiff also claims that his cell was "intolerably out of commission," with homosexual slander and feces on the walls of the cell. (*Id.* at PageID 17). Plaintiff indicates in the complaint that he brought the condition of his cell to the attention of defendants Felts, Bell, Kool, Howard, Mahlman, and Sammons. (*Id.* at PageID 17–18). According to plaintiff, these defendants failed to provide him with cleaning supplies or otherwise address the condition of the cell.

Plaintiff also alleges that defendant Sammons denied him of the right to appeal negative Rules Infraction Board (RIB) decisions. He claims that defendants Greene and Erdos also failed to address his complaints via the inmate grievance process. (*Id.* at PageID 18).

In the first amended complaint, plaintiff includes claims regarding racial slander experienced by him while at SOCF. Plaintiff first alleges that defendant Terry wrote a conduct report including racial statements. (Doc. 2-1, First Amended Complaint at PageID 36). Plaintiff alleges that defendant Brabson "showed indignity to this situation," allegedly making several inappropriate comments to him. (*Id.*). Plaintiff further alleges that racial slander was written on the window sill of his cell.

Plaintiff next claims that, on a date that he is uncertain of, several officers working in the L-corridor area and segregation used excessive force against him. (*Id.* at PageID 37). He further alleges that these officers conducted an involuntary strip search, made harsh comments, and threatened "to deploy O/C."

Plaintiff alleges that defendants Dillow and Terry failed to comply with prison procedures and submit an informal complaint resolution plaintiff prepared regarding incidents of

4

alleged misconduct. (*Id.* at PageID 37–38). Plaintiff also alleges that he notified defendants Sparks and Kool of several matters, but nothing has been done to amend the situation. Finally, plaintiff notes "Defendant Erdos couldn't be held accountable in this nature of emergency." *Id.* at PageID 38).

Plaintiff seeks declaratory, injunctive, compensatory, and punitive damages for relief. (*Id.* at PageID 49; Complaint, Doc. 1-1 at PageID 28).

Liberally construed, plaintiff has stated an Eighth Amendment claim for excessive force against defendants Vansickle and Patrick. *See Hudson v. McMillian*, 501 U.S. 1, 7 (1992). Additionally, the undersigned finds that plaintiff has stated a plausible claim under the Eighth Amendment against defendants Felts, Bell, Kool, Howard, Mahlman, and Sammons with regard to his allegation that these defendants ignored his complaints about his unsanitary cell. *See Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (finding that the plaintiff stated an Eighth Amendment claim based on his allegation that he was placed in a cell covered with fecal matter and his complaints about the cell were ignored). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, the complaint is subject to dismissal in all other respects. First, plaintiff fails to state a claim against defendants Bare, Felts, Dillow, or the John Doe defendants based on his allegations that these defendants made inappropriate comments, racial slander, or threats against him. "It is well settled that neither verbal harassment nor the mere use of abusive language can support liability under § 1983." *Farris v. City of Memphis,* Case No. 07–2659–JDB/dkv, 2008 WL 1994824, at *2 (W.D. Tenn. May 5, 2008) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.

5

1987)). *See also Logue v. U.S. Marshals*, Case No. 1:13-cv-348, 2013 WL 3983215, at*4 (S.D. Ohio Aug. 1, 2013) (Bowman, M.J.) (Report & Recommendation) (finding that allegations of rude behavior and verbal harassment by officers does not rise to the level of a cognizable constitutional claim) (collecting cases), *adopted*, 2013 WL 5334494 (S.D. Ohio Sept. 23, 2013) (Dlott, J.). Furthermore, "idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dept. of Corrections*, 499 F. App'x 453, 455 (6th Cir. 2012).

Plaintiff's allegation that defendants used racial slander also fails to state a claim. *See Moore v. County of Muskegon,* No. 99-1379, 1999 WL 1253096, at *1 (6th Cir. Dec. 17, 1999) (allegations that a state actor occasionally used insulting racial slurs towards a plaintiff were insufficient to support a constitutional claim) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). *See also Al Price v. Lighthart*, Case No. 1:08-cv-265, 2010 WL 1741385, at*2 (W.D. Mich. April 28, 2010) (finding that prison guard's use of racial slurs does not violate the Eighth Amendment's prohibition on cruel and usual punishment or the Fourteenth Amendment's guarantee of equal protection) (collecting cases); *Humrani v. Kleeman*, No. 2:05-cv-203, 2006 WL 2528461, at *2 (W.D. Mich. Aug. 31, 2006) (the use of racial slurs without some other conduct that deprives the plaintiff of an established right fails to state a claim for a violation of the equal protection clause) (citing *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999)); *Williams v. Kaufman County*, 86 F. Supp.2d 586, 598 (N.D. Tex. Feb. 7, 2000); *Oliver v. Cuttler*, 968 F. Supp. 83, 88 (E.D. N.Y. May 24, 1997)); *DeWalt v. Carter*, 224 F.3d 607, 612 n.3 (7th Cir. 2000) (the use of racially derogatory language can be evidence of racial animus but does not, by itself, violate the equal protection clause).

Plaintiff's claims regarding defendants' alleged failure to investigate or address plaintiff's complaints through the grievance process must also be dismissed. As to defendants' failure to investigate, plaintiff has failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome or that he was deprived of due process in the grievance process, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted).

Plaintiff's excessive force claims against defendants John Doe, Felts, and Bare should also be dismissed. In his original complaint, plaintiff claims John Doe used excessive force against him "by demanding me to proceed with the wanton procedures, while he escorted me from the M-2 Gym to segregation." (Doc. 1-1, Complaint at PageID 18). He similarly contends that Felts and Bare "continued to use excessive force by placing me in segregation." (*Id.* at PageID 19).[2] In the first amended complaint, plaintiff also alleges that multiple John Doe defendants used excessive force against him. (Doc. 2 at PageID 37). Petitioner's conclusory allegations are insufficient to state a claim for excessive force against these defendants. Plaintiff asserts his claims largely as legal conclusions unsupported by sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief under the Eighth Amendment against these defendants. Since plaintiff's complaint is composed entirely of either

---

[2] Plaintiff also claims, without elaboration or supporting factual allegations, that Felts and Bare violated his Fourth Amendment right to be free from unreasonable search and seizures in connection with placing him in segregation. (*See* Doc. 1-1 at PageID 19). This claim should also dismissed for failure to state a claim.

pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted.

Accordingly, in sum, the undersigned concludes all claims alleged by plaintiff in his complaint and first amended complaint are subject to dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted, except that plaintiff may proceed with (1) his Eighth Amendment claim for excessive force against defendants Vansickle and Patrick and (2) his conditions of confinement claim under the Eighth Amendment against Felts, Bell, Kool, Howard, Mahlman, and Sammons.

II.  **Motion for Leave to File a Second Amended Complaint**

On December 1, 2015, plaintiff filed a second motion for leave to file an amended complaint, naming as additional parties Ron Erdos; Gary Mohr; City of Lucasville, Ohio; City of Hollywood, Florida; and City of Rancho Dominguez, California. (Doc. 7 at PageID 60).

In the proposed second amended complaint, plaintiff alleges that on March 30 or 31, 2015, he received a letter from his grandmother. (Doc. 7-1 at PageID 61). Upon receiving the letter, plaintiff claims he noticed that defendants Warden Donald Morgan and Davis[3] were harassing him and his grandmother.

Plaintiff also claims that money that was mailed to him, as well as other expected items, have disappeared or been lost. (*Id.* at PageID 62).

Plaintiff claims that defendant Erdos "was reluctant to amend this situation & predicament as well after notifying him of this particular problem." (*Id.*) Plaintiff includes a

---

[3] Plaintiff does not identify defendant Davis or name Davis as a defendant in the proposed second amended complaint, however he includes this allegation in the body of the proposed complaint. (*See id.* at PageID 60, 61). Cynthia Davis was named as a defendant in plaintiff's original complaint, although the original complaint included no factual allegation against her. (*See* Doc. 1-1 at PageID 15).

"Response to Kite" form as an attachment to the complaint. (*Id.*, Exhibit L). Therein, Erdos states that plaintiff was "currently on rec restriction until 12/6/15. Your appeals have been denied, case is closed." (*Id.* at PageID 80).

For relief, plaintiff seeks declaratory relief and compensatory, nominal, and punitive damages.

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

In this instance, plaintiff's motion for leave to file a second amended complaint should be denied because the complaint fails to state a claim upon which relief can be granted.

First, plaintiff's allegations are insufficient to state a plausible claim regarding alleged harassment from defendants Morgan and Davis. In the body of the proposed complaint, plaintiff includes only conclusory allegations of harassment. (*See* Doc. 7, at PageID 61). Plaintiff has attached a March 24, 2015 letter from his grandmother with portions of the letter highlighted. (*See* Doc. 7, Exhibit A at PageID 64–66). However, the letter states only that plaintiff's

9

grandmother spoke with the warden, who informed her that in order for plaintiff to move to Florida, he would have to submit a transfer request. (*See id.* at PageID 64–65). The proposed amended complaint and attached exhibit thus provide no basis upon which the Court could reasonably infer that these defendants violated plaintiff's rights.

Second, plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 with regard to his allegation that money and other items were taken from him. To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v.*

10

*Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's claims against Erdos for his alleged failure to satisfactorily respond to plaintiff's kite or otherwise address his complaints through the grievance process also fails to state a claim upon which relief may be granted. As noted above, plaintiff's allegations cannot give rise to a § 1983 claim because plaintiff does not have a constitutionally protected right to a grievance procedure. *See Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998).

Finally, plaintiff's claims against defendants City of Lucasville, City of Hollywood, City of Ranch Dominguez, and Gary C. Mohr also fail to state a claim for relief. The complaint does not include a single factual allegation regarding these defendants. As to the city defendants, "[i]t is firmly established that a municipality . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978)). To state a claim for relief against the defendant cities, plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom of the [City]." *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell,* 436 U.S. at 694; *Doe v. Claiborne County,* 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson,* 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell,* 436 U.S. at 691; *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993). In this case,

plaintiff does indicate in the relief section of the complaint that he seeks to bring a *Monell* claim against the city defendants; however, plaintiff has not alleged any facts indicating that any individual acted pursuant to an unconstitutional policy or custom of the city defendants. The complaint therefore fails to state a claim for relief under a theory of municipal liability.

For the above reasons, the undersigned concludes that the proposed second amended complaint fails to state a claim upon which relief may be granted. Therefore, because the complaint would not survive a motion to dismiss, plaintiff's motion to amend (Doc. 7) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims raised in his complaint and first amended complaint be **DISMISSED**, with the exception of (1) plaintiff's Eighth Amendment claim for excessive force against defendants Vansickle and Patrick and (2) his conditions of confinement claim against Felts, Bell, Kool, Howard, Mahlman, and Sammons.

2. Plaintiff's motion for leave to file a second amended complaint (Doc. 7) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for leave to file a first amended complaint (Doc. 2) is **GRANTED**.

2. Plaintiff may proceed with his Eighth Amendment claims for excessive force against defendants Vansickle and Patrick and his conditions of confinement claim against Felts, Bell, Kool, Howard, Mahlman, and Sammons.

The United States Marshal shall serve a copy of the complaint, amended complaint, summons, the separate Order granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Vansickle, Patrick, Felts, Bell, Kool, Howard,

Mahlman, and Sammons as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 12/31/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
    Plaintiff,

vs

RON ERDOS, et al.,
    Defendants.

Case No. 1:15-cv-696

Beckwith, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).