UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Barfield, : Case No. 1:15-cv-696
:
   Plaintiff, :
:
vs. :
:
Ron Erdos, et al, :
:
   Defendants. :

**ORDER**

On December 31, 2015, the Magistrate Judge issued a Report and Recommendation concerning Plaintiff Barfield's complaint and motion for leave to amend that complaint. In the Report (Doc. 14), the Magistrate Judge found that Barfield stated a plausible claim against defendants Vansickle and Patrick for use of excessive force, and also against defendants Felts, Bell, Kool, Howard, Mahlman, and Sammons. With respect to these six officers, Barfield alleges that they ignored his complaints regarding the unsanitary conditions in his cell (which he alleges was covered with homosexual slander and feces on the walls) and refused to bring him cleaning supplies.

The Magistrate Judge concluded that the balance of his complaint and first amended complaint was subject to dismissal. Barfield's allegations that defendants Bare, Felts, Dillow and several John Doe defendants made racial comments, or verbally harassed him and threatened him, fail to state a claim under Section 1983. Similarly, Barfield's allegations that some defendants failed to investigate his complaint do not state a claim because there is no constitutional right to complain or to a prison grievance procedure. Barfield also alleges excessive force claims against several

defendants, which were based on "demanding me to proceed with the wanton procedures, while [defendants] escorted me from the M-2 Gym to segregation." The Magistrate Judge concluded that Barfield's conclusory allegations were plainly insufficient to state a plausible excessive force claim.

With regard to Barfield's motion for leave to file a second amended complaint to add additional claims against additional parties, the Magistrate Judge concluded that leave to amend should be denied because the proposed pleading fails to state claims upon which relief could be awarded to Barfield. He alleges harassment by defendants Morgan and Davis, but his allegations are simply conclusions and lack supporting facts. His claim that money and other property was taken away from him does not state a constitutional claim, absent plausible allegations that Barfield's state remedies for property deprivation are somehow inadequate. His claims against additional defendants for failing to respond to or process his grievances fail for the same reasons discussed previously. And he names four additional defendants (the cities of Lucasville, Hollywood, and Rancho Dominguez, and Gary Mohr, the Director of ODRC), but his proposed amended complaint alleges no facts about any of these proposed defendants.

Barfield filed objections (Doc. 17) and "continued" objections (Doc. 19) to the Magistrate Judge's recommendations. He also filed a notice of appeal (Doc. 34), requesting review by a "three-judge district court" and by the Sixth Circuit Court of Appeals. (The Court notes that the Magistrate Judge granted Barfield's motion for in forma pauperis status on appeal, but specifically stated that the merits of such an appeal were not before the Magistrate Judge and played no part in determining whether to grant in forma pauperis status. See Doc. 37.) Barfield's purported notice of appeal

does not deprive this Court of jurisdiction to consider his objections. A Magistrate Judge's Report and Recommendation is not a final, appealable order. See United States v. Cooper, 135 F.3d 960, 962 (5th Cir. 1998).

In his objections, Barfield generally alleges that prison officials have acted with deliberate indifference towards him; that he was deprived of participating in "4A population procedures," and that his complaints and grievances have been ignored or denied. He claims that these failures have exposed him to an unreasonable risk of harm, and that he should therefore be permitted to prosecute all of the claims set forth in his complaint and his proposed second amended complaint. He also asserts that Donald Morgan was the warden of the Southern Ohio Correctional Facility (where Barfield is incarcerated) on an "uncertain night" when he was attacked by unknown assailants. Defendant Erdos became the warden after these events, and Barfield argues that he has participated in some fashion in causing Barfield's hardships. And he claims that the three cities named in his second amended complaint have caused him "an abundant amount of pain, suffering, physical injury and emotional distress ...". (Doc. 19 at 2)

Barfield's objections and continuing objections fail to meaningfully respond to the thorough Report of the Magistrate Judge concerning the obvious deficiencies in Barfield's pleadings. His objections largely repeat his conclusory allegations contained in his amended complaint and proposed second amended complaint, and which the Magistrate Judge correctly found fail to state a plausible claim against most of the defendants. Barfield's objections fail to demonstrate that the Magistrate Judge's conclusions and recommendations are factually or legally erroneous.

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Barfield's objections and "continuing" objections to the Magistrate Judge's Report lack merit and they are overruled. The Report is adopted in full. Barfield's claims under the Eighth Amendment for excessive force against defendants Vansickle and Patrick, and his conditions of confinement claim against defendants Felts, Bell, Kool, Howard, Mahlman, and Sammons shall proceed. The balance of Barfield's claims alleged in his complaint and first amended complaint are dismissed with prejudice. Barfield's motion for leave to file a second amended complaint (Doc. 7) is denied as futile.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Barfield leave to appeal in forma pauperis. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

DATED: March 23, 2016                    s/Sandra S. Beckwith
                                         Sandra S. Beckwith, Senior Judge
                                         United States District Court