UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:15-cv-696
Beckwith, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's third motion to file an amended complaint (Doc. 43) and defendants' response in opposition (Doc. 44). Construing plaintiff's motion liberally, it also includes a motion for leave to file a motion for summary judgment and a motion to compel discovery. (*See* Doc. 43-1 at 13). The Court will consider each of plaintiff's motions in turn.

**I. Background**

On October 26, 2015, plaintiff filed his initial complaint in which he named the following defendants: Ron Erdos, William Kool, Larry Greene, Walter Sammons, Luke Vansickle, Cynthia Davis, Capt. Bell, Capt. Howard, Lt. Bower, Sgt. Felts, Sgt. Bare, and C.O. Patrick. (*See* Doc. 1-1). On October 28, 2015, plaintiff filed his first motion for leave to file an amended complaint. (*See* Doc. 2). On December 1, 2015, plaintiff filed his second motion for leave to file an amended complaint. (*See* Doc. 7).

On December 31, 2015, the Court entered an Order and Report and Recommendation that ruled on plaintiff's first and second motions for leave to file an amended complaint and

conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 14). The Court granted plaintiff's first motion for leave to amend and viewed plaintiff's first amended complaint as supplementing the original complaint. (*See id.* at 1 and n.1). The undersigned recommended that plaintiff's second motion for leave to amend be denied because the second proposed amended complaint failed to state a claim upon which relief can be granted. (*See id.* at 8-12). In reviewing the complaint and first amended complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the undersigned recommended that the following two claims should be allowed to proceed: (1) an excessive force claim against defendants Vansickle and Patrick and (2) a conditions of confinement claim against defendants Felts, Bell, Kook, Howard, Mahlman, and Sammons. (*See id.* at 5). The undersigned recommended dismissal of the following claims for failure to state a claim upon which relief can be granted: (1) defendants Bare, Felts, Dillow, and John Does made inappropriate comments, racial slander, and threats against plaintiff; (2) defendants failed to investigate or address plaintiff's complaints through the grievance process; and (3) defendants John Doe, Felts, and Bare used excessive force related to plaintiff's placement in segregation. (*See id.* at 5-8). The Court subsequently adopted the Order and Report and Recommendation in full. (Doc. 40).

**II. Third Motion for Leave to Amend the Complaint**

On April 27, 2016, plaintiff filed the instant third motion for leave to file an amended complaint to add three John Doe defendants. (Doc. 43 at 1; Doc. 43-1 at 4). In his proposed amended complaint, plaintiff makes the following allegations against these John Doe defendants: (1) a John Doe defendant denied plaintiff the right to be returned to the captain's office before placing him in segregation and used excessive force against him "by demanding that [plaintiff] proceed with the wanton procedures"; (2) this John Doe defendant made "several inappropriate

2

and harsh comments" while escorting him through the hallway; (3) two John Doe defendants failed to respond to his complaints that "homosexual slander" and fecal matter were present on the walls of his assigned cell; (4) these John Doe defendants refused him cleaning supplies to remove these items from his cell; (5) a John Doe defendant witnessed the excessive force incident of defendants Vansickle and Patrick but failed to stop the incident and encouraged the continuation of the excessive force; and (6) John Doe defendants denied plaintiff his right to seek redress through use of the prison grievance system. (*See* Doc. 43-1 at 7-10).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the twenty-one day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). In order to be considered valid, the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads

factual content that allows the court to draw reasonable inferences that the defendant is liable for the alleged actions. *Id.* at 556. Specific facts are not required and the plaintiff is only required to give fair notice of the claim and the grounds upon which it rests. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). While all well-pleaded factual allegations must be accepted as true, the Court does not have to accept legal conclusions that are based on the factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The Court must hold pro se pleadings to a less stringent standard than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

Here, plaintiff's third motion for leave to amend his complaint should be denied because of the undue delay in filing, failure to cure deficiencies by previous amendments, and futility of amendment.

First, plaintiff's claims alleged in the instant proposed amended complaint are nearly identical to the ones that have been dismissed in earlier complaints except for the addition of John Doe defendants. As the Court held in the December 31, 2015 Order and Report and Recommendation, plaintiff failed in his complaint and first amended complaint to state a claim regarding alleged inappropriate comments, racial slander, or threats against him. (Doc. 14 at 5-6). "It is well settled that neither verbal harassment nor the mere use of abusive language can support liability under § 1983." *Farris v. City of Memphis*, Case No. 07-2659, 2008 WL 1994824, at *2 (W.D. Tenn. May 5, 2008) (citing *Ivey v. Wilson*, 832 F.3d 950, 955 (6th Cir.

4

1987)). *See also Logue v. U.S. Marshals*, Case No. 1:13-cv-348, 2013 WL 3983215, at *4 (S.D. Ohio Aug. 1, 2013) (Bowman, M.J.) (Report & Recommendation) (finding that allegations of rude behavior and verbal harassment by officers does not rise to the level of a cognizable constitutional claim) (collecting cases), *adopted*, 2013 WL 5334494 (S.D. Ohio Sept. 23, 2013) (Dlott, J.). Moreover, "idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012). Thus, amending the complaint to add plaintiff's allegation that a John Doe defendant made "several inappropriate and harsh comments" while escorting him through the hallway would be futile.

Second, plaintiff's allegations that a John Doe defendant denied plaintiff the right to be returned to the captain's office and to seek redress through use of the prison grievance system fail to state a claim for relief. As the Court noted in the previous Order and Report and Recommendation (Doc. 14 at 7), "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Further, inmates do not have a constitutionally protected right to the prison grievance process. *Miller v. Haines*, 156 F.3d 1231, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (table decision) (citing *Jones v. N.C. Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). Thus, amending the complaint to add these allegations against a John Doe defendant would be futile.

Third, plaintiff's allegation that a John Doe defendant used excessive force against him "by demanding that [plaintiff] proceed with the wanton procedures" was previously dismissed for failure to state a claim in the Court's prior Order and Report and Recommendation. (*See*

Doc. 14 at 7-8). As the Court previously held, plaintiff's conclusory allegations are insufficient to state a claim for excessive force against this John Doe defendant. (*See id.*). Plaintiff has not provided any additional factual support related to this allegation and, thus, amending the complaint as to this claim would be futile.

Fourth, plaintiff seeks to add a claim of deliberate indifference to safety against a John Doe defendant who allegedly witnessed the September 2015 excessive use of force by defendants Vansickle and Patrick but failed to stop the incident and encouraged its continuation. (Doc. 43-1 at 9). In the prior Order and Report and Recommendation, the Court allowed plaintiff to proceed on his excessive force claim against defendants Vansickle and Patrick. (*See* Doc. 14 at 5). However, plaintiff never alleged in the original complaint, the first amended complaint, or the proposed second amended complaint that a John Doe defendant witnessed this alleged incident of excessive force, failed to stop the incident, or encouraged its continuation. (*See generally*, Doc. 1-1, Doc. 2, and Doc. 7). In their response to the motion to amend, defendants take issue with plaintiff's failure to explain why he did not previously mention the existence of this claim or defendant. (Doc. 44 at 4). Plaintiff has not filed a reply brief or otherwise explained the reasons for his delay in bringing this new claim some six months after he filed his original complaint. Permitting plaintiff to amend his complaint at this juncture after his repeated failures to include this new claim and defendant in his three previous complaints would only serve to further delay the resolution of this case. Plaintiff has not shown he made any attempt to discover the identity of the individual who allegedly witnessed the use of force through discovery. Allowing an amendment of the complaint now would invariably lead to an extension of the discovery and dispositive motion deadlines and further motion practice. *See* Doc. 41, Doc. 44 at 4. Therefore, given plaintiff's "undue delay in filing" his allegations

6

concerning this John Doe defendant and plaintiff's "repeated failure to cure deficiencies [related to this allegation] by previous amendments," he should not be permitted to amend his complaint as to this claim. *Brumbalough*, 472 F.3d at 1001.

Finally, plaintiff alleges in the instant proposed amended complaint that two John Doe defendants failed to respond to his complaints that "homosexual slander" and fecal matter were present on the walls of his assigned cell and refused to provide him with cleaning supplies to remove those items from his cell. (*See* Doc. 43-1 at 7). In the prior Order and Report and Recommendation, the Court allowed plaintiff to proceed on his conditions of confinement claim related to this incident against defendants Felts, Bell, Kook, Howard, Mahlman, and Sammons. (*See* Doc. 14 at 5). Similar to the previous claim, plaintiff failed to allege in the original complaint, the first amended complaint, or the proposed second amended complaint that any individuals in addition to the named defendants were involved in this incident. (*See generally* Doc. 1-1, Doc. 2, and Doc. 7). Plaintiff has had ample time to conduct discovery to ascertain the identities of the putative John Doe defendants and he has failed to explain why he is only now asserting claims against these individuals. Plaintiff should not be permitted to amend his complaint to add a conditions of confinement claim against these two John Doe defendants at this juncture.

Accordingly, based on the foregoing, plaintiff's third motion for leave to amend the complaint should be denied.

**III. Motion for Leave to File a Motion for Summary Judgment**

Plaintiff's motion also includes the following request: "I am also requesting of the court anon the right to move for a summary judgement in my favor." (Doc. 43-1 at 13).

7

It is unclear from the context of this request whether plaintiff is seeking "summary judgment" on his third motion for leave to file an amended complaint or whether he is seeking the Court's permission to file a motion for summary judgment to resolve his surviving claims. (*See id.*). To the extent that plaintiff is seeking "summary judgment" on his third motion for leave to file an amended complaint, that motion is denied for the reasons already explained above in the Court's analysis of his third motion for leave to file an amended complaint. To the extent that plaintiff is seeking permission to file a motion for summary judgment to resolve his surviving claims, his motion is denied as unnecessary. Pursuant to the calendar order in this case, the parties have until September 23, 2016 to complete discovery. After the completion of discovery, the parties have until October 24, 2016 to file a motion for summary judgment on plaintiff's surviving claims. (*See* Doc. 41).

**IV. Motion to Compel Discovery**

Plaintiff's motion also includes a request that the Court order defendants to permit certain discovery requests. (*See* Doc. 43-1 at 13). Defendants argue that this request is improper because plaintiff has not given them time to respond to plaintiff's discovery requests. (*See* Doc. 44 at 3). Defendants assert that they will timely respond to plaintiff's requests. (*Id.* at 3 n.1).

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery

8

"shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

Here plaintiff's motion fails to include plaintiff's certification that he conferred or attempted to confer with defendants about the instant discovery dispute prior to filing his motion to compel with the Court. (*See* Doc. 43-1 at 13). Further, plaintiff has attached to his motion a copy of his first request for production of documents, which is dated April 21, 2016. (*Id.* at 14). Plaintiff filed his motion to compel six days later on April 27, 2016. However, a party generally has at least 30 days to respond to a request for production of documents. *See* Fed. R. Civ. P. 34(b)(2)(A). Thus, plaintiff's motion to compel is premature as the time for defendants to respond to his discovery request had not yet expired when he filed it. Based on these deficiencies, plaintiff's motion to compel is denied.

## V. Conclusion

Consistent with the foregoing, it is **RECOMMENDED** that plaintiff's third motion for leave to amend the complaint (Doc. 43) be **DENIED**. Further, it is **ORDERED** that plaintiff's motion for leave to file a motion for summary judgment and motion to compel discovery are **DENIED**.

Date: 7/28/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No: 1:15-cv-696
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).