# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EDWARD BARFIELD,  
    Plaintiff,

vs.

RON ERDOS, et al.,  
    Defendants.

Case No. 1:15-cv-696  
Beckwith, J.  
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's fourth motion to file an amended complaint (Doc. 46) and defendants' response in opposition (Doc. 47).

**I. Background**

On October 26, 2015, plaintiff filed his initial complaint in which he named the following defendants: Ron Erdos, William Kool, Larry Greene, Walter Sammons, Luke Vansickle, Cynthia Davis, Capt. Bell, Capt. Howard, Lt. Bower, Sgt. Felts, Sgt. Bare, and C.O. Patrick. (*See* Doc. 1-1). On October 28, 2015, plaintiff filed his first motion for leave to file an amended complaint. (*See* Doc. 2). On December 1, 2015, plaintiff filed his second motion for leave to file an amended complaint. (*See* Doc. 7).

On December 31, 2015, the Court entered an Order and Report and Recommendation that ruled on plaintiff's first and second motions for leave to file an amended complaint and conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 14). The Court granted plaintiff's first motion for leave to amend and viewed plaintiff's first amended complaint as supplementing the original complaint. (*See id.* at 1 and n.1). The

undersigned recommended that plaintiff's second motion for leave to amend be denied because the second proposed amended complaint failed to state a claim upon which relief can be granted. (*See id.* at 8-12). In reviewing the complaint and first amended complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the undersigned recommended that the following two claims should be allowed to proceed: (1) an excessive force claim against defendants Vansickle and Patrick and (2) a conditions of confinement claim against defendants Felts, Bell, Kook, Howard, Mahlman, and Sammons. (*See id.* at 5). Plaintiff alleged that the incidents related to these claims occurred in September and October 2015. (*See generally* Doc. 1-1). The undersigned recommended dismissal of the following claims for failure to state a claim upon which relief can be granted: (1) defendants Bare, Felts, Dillow, and John Does made inappropriate comments, racial slander, and threats against plaintiff; (2) defendants failed to investigate or address plaintiff's complaints through the grievance process; and (3) defendants John Doe, Felts, and Bare used excessive force related to plaintiff's placement in segregation. (*See* Doc. 14 at 5-8). The Court subsequently adopted the Order and Report and Recommendation in full. (Doc. 40).

In April 2016, plaintiff filed a third motion for leave to file an amended complaint to add three John Doe defendants. (Doc. 43 at 1; Doc. 43-1 at 4). In July 2016, the undersigned recommended that plaintiff's third motion for leave to file an amended complaint be denied. (*See* Doc. 48).

**II. Fourth Motion for Leave to Amend the Complaint**

On July 8, 2016, plaintiff filed the instant fourth motion for leave to file an amended complaint. (Doc. 46). In his proposed amended complaint, plaintiff alleges that on April 29, 2016, C.O. Parish, C.O. John Doe, and Sergeant Bare applied excessive force against plaintiff in the infirmary. (*See* Doc. 46-1 at 5). Plaintiff alleges that a John Doe nurse was present during

this incident and failed to report the incident and plaintiff's wounds. (*Id.* at 7). Further, plaintiff alleges that during the next week, two other John Doe nurses denied plaintiff medical treatment. (*Id.*).

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the twenty-one day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). While leave to amend a complaint should be "freely given when justice so requires," *Forman v. Davis*, 371 U.S. 178, 182 (1962), proposed amendments to a prisoner's complaint must also be *sua sponte* reviewed under 28 U.S.C. §§ 1915 and 1915A. Courts have generally held that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). *See also Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (citation omitted) (new unrelated claims against new defendants not allowed).

Here, the only claims pending in plaintiff's lawsuit are the excessive force claim against defendants Vansickle and Patrick for an incident alleged to have occurred in September 2015 and a conditions of confinement claims against defendants Felts, Bell, Kook, Howard, Mahlman, and Sammons for incidents alleged to have occurred in September and October 2015. Plaintiff's instant proposed amended complaint fails to allege any facts demonstrating how the newly

proposed defendants' (i.e., C.O. Parish, C.O. John Doe, Sergeant Bare, and three John Doe nurses) alleged actions in April and May 2016 bear any connection to the actions of the named defendants that allegedly occurred six months earlier. *See George*, 507 F.3d at 607; *Hetep*, 27 F. App'x at 309. *See also Proctor v. Applegate*, 661 F. Supp.2d 743, 778 (E.D. Mich. 2009) (citation omitted) ("[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact."). Plaintiff's unrelated claims must be addressed in a separately filed new civil rights complaint and not by amending the complaint in this action. Accordingly, plaintiff's fourth motion to amend his complaint (Doc. 46) should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 8/16/16

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No: 1:15-cv-696
Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).