UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
    Plaintiff,

vs.

RON ERDOS, et al.,
    Defendants.

Case No. 1:15-cv-696
Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's fifth motion for leave to file an amended complaint (Doc. 49) and sixth motion for leave to file an amended complaint (Doc. 53).

**I. Background**

On October 26, 2015, plaintiff filed his initial complaint in which he named the following defendants: Ron Erdos, William Kool, Larry Greene, Walter Sammons, Luke Vansickle, Cynthia Davis, Capt. Bell, Capt. Howard, Lt. Bower, Sgt. Felts, Sgt. Bare, and C.O. Patrick. (*See* Doc. 1-1). On October 28, 2015, plaintiff filed his first motion for leave to file an amended complaint. (*See* Doc. 2). On December 1, 2015, plaintiff filed his second motion for leave to file an amended complaint. (*See* Doc. 7).

On December 31, 2015, the Court entered an Order and Report and Recommendation that ruled on plaintiff's first and second motions for leave to file an amended complaint and conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. 14). The Court granted plaintiff's first motion for leave to amend and viewed plaintiff's first

amended complaint as supplementing the original complaint. (*See id.* at 1 and n.1). The undersigned recommended that plaintiff's second motion for leave to amend be denied because the second proposed amended complaint failed to state a claim upon which relief can be granted. (*See id.* at 8-12). In reviewing the complaint and first amended complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the undersigned recommended that the following two claims should be allowed to proceed: (1) an excessive force claim against defendants Vansickle and Patrick and (2) a conditions of confinement claim against defendants Felts, Bell, Kook, Howard, Mahlman, and Sammons. (*See id.* at 5). Plaintiff alleged that the incidents related to these claims occurred in September and October 2015. (*See generally* Doc. 1-1). The undersigned recommended dismissal of the following claims for failure to state a claim upon which relief can be granted: (1) defendants Bare, Felts, Dillow, and John Does made inappropriate comments, racial slander, and threats against plaintiff; (2) defendants failed to investigate or address plaintiff's complaints through the grievance process; and (3) defendants John Doe, Felts, and Bare used excessive force related to plaintiff's placement in segregation. (*See* Doc. 14 at 5-8). The Court subsequently adopted the Order and Report and Recommendation in full. (Doc. 40).

In April 2016, plaintiff filed a third motion for leave to file an amended complaint to add three John Doe defendants. (Doc. 43 at 1; Doc. 43-1 at 4). In July 2016, the undersigned recommended that plaintiff's third motion for leave to file an amended complaint be denied. (*See* Doc. 48). Plaintiff filed an objection to this report and recommendation on which the Court has not yet ruled. (*See* Doc. 52).

In July 2016, plaintiff filed a fourth motion for leave to file an amended complaint. (Doc. 46). Plaintiff sought to add an excessive force claim against C.O. Parish, C.O. John Doe, and Sergeant Bare related to an incident alleged to have occurred on April 29, 2016. (*See* Doc. 46-1

2

at 5). Plaintiff also sought to add a claim of deliberate indifference to medical needs against three John Doe nurses for failing to treat the injuries he allegedly received during that incident. (*See id.* at 7). In August 2016, the undersigned recommended that plaintiff's fourth motion for leave to file an amended complaint be denied because plaintiff failed to allege any facts demonstrating how the newly proposed defendants' alleged actions in April and May 2016 bear any connection to the alleged actions of the named defendants that occurred six months earlier. (Doc. 51 at 3-4). On September 6, 2016, plaintiff filed an objection to this report and recommendation on which the Court has not yet ruled. (*See* Docs. 53, 54).

**II. Fifth and Sixth Motions for Leave to Amend the Complaint**

On August 15, 2016, plaintiff filed a "motion to consent, amend complaint and motion to relate," which the Court construes as his fifth motion for leave to amend the complaint. (*See* Doc. 49). In his motion, plaintiff indicates that he seeks to add a retaliation claim under the Family Medical Leave Act ("FMLA") against Sergeant Bare, C.O. Parish, C.O. John Doe, and the John Doe nurses referenced in his fourth motion for leave to amend his complaint. (*Id.* at 1).

On September 6, 2016, plaintiff filed his sixth motion for leave to amend the complaint. (Doc. 53). In his motion, plaintiff again indicates that he seeks to add an FMLA retaliation claim against Sergeant Bare, C.O. Parish, C.O. John Doe, and the John Doe nurses. (*Id.*).

Plaintiff's fifth and sixth motions for leave to amend the complaint should be denied for the reasons stated in the undersigned's Report and Recommendation regarding plaintiff's fourth motion for leave to file an amended complaint. (*See* Doc. 51 at 3-4). Specifically, the instant motions fail to elucidate any connection of the alleged actions of Sergeant Bare, C.O. Parish, C.O. John Doe, and the John Doe nurses in April and May 2016 to the alleged actions of the named defendants that occurred six months earlier. *See George v. Smith*, 507 F.3d 605, 607 (7th

3

Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."); *Hetep v. Warren*, 27 F. App'x 308, 309 (6th Cir. 2001) (new unrelated claims against new defendants not allowed); *Proctor v. Applegate*, 661 F. Supp.2d 743, 778 (E.D. Mich. 2009) ("[A] civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact.").

To the extent that plaintiff invokes "retaliation" as the link that connects the alleged actions in April and May 2016 to those alleged to have occurred six months earlier, plaintiff has not provided any facts to support a retaliation claim other than his "naked assertion" that the alleged actions in April and May 2016 were retaliatory in nature. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (holding a complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement").

Based on the foregoing, plaintiff's fifth (Doc. 49) and sixth (Doc. 53) motions for leave to amend his complaint should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 9/22/2016

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD BARFIELD,
    Plaintiff,

vs.

RON ERDOS, et al.,
    Defendants.

Case No: 1:15-cv-696
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).