UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Barfield,
    Plaintiff

v.                                        Case No.   1:15-cv-696

Ron Erdos, et al.,
    Defendants

# ORDER

     This matter is before the Court on the Magistrate Judge's Report and Recommendation filed July 29, 2016 (Doc. 48), concerning plaintiff's third motion for leave to amend his complaint to add three John Doe defendants. In the Report and Recommendation, the Magistrate Judge found that plaintiff's motion should be denied because of the undue delay in filing, failure to cure deficiencies by previous amendments, and futility of amendment. Plaintiff filed objections (Doc. 52), which fail to meaningfully respond to the Report and Recommendation of the Magistrate Judge and fail to demonstrate that the conclusions and recommendations are factually or legally erroneous.

     In plaintiff's proposed amended complaint, he makes the following allegations against these John Doe defendants: 1) a John Doe defendant denied plaintiff the right to be returned to the captain's office before placing him in segregation and used excessive force against him "by demanding that [plaintiff] proceed with the wanton procedures"; 2) this John Doe defendant made "several inappropriate and harsh comments" while escorting him through the hallway; 3) two John Doe defendants failed to respond to his complaints that "homosexual slander" and fecal matter were present on the walls of his assigned cell; 4) these John Doe defendants refused him cleaning supplies to remove these items from his cell; 5) a John Doe defendant witnessed the excessive force incident of defendants Vansickle and Patrick but failed to stop the incident and encouraged the continuation of the excessive force; and 6) John Doe defendants denied plaintiff his right to seek redress through use of the prison grievance system.

     The Magistrate Judge previously held that plaintiff failed in his complaint and

first amended complaint to state a claim regarding alleged inappropriate comments, racial slander, or threats against him. (Doc. 14 at 5-6). Thus, the motion is denied as to the request to add plaintiff's allegation that a John Doe defendant made "several inappropriate and harsh comments" while escorting him through the hallway. The Magistrate Judge also noted in her previous Order and Report and Recommendation (Doc. 14 at 7), "[t]here is no statutory or common law right, much less a constitutional right, to an investigation. The motion is **denied** as to amending the complaint to add the allegation that a John Doe defendant denied plaintiff the right to be returned to the captain's office and to seek redress through use of the prison grievance system."

Plaintiff's allegations that a John Doe defendant used excessive force against him "by demanding that [plaintiff] proceed with the wanton procedures" was previously dismissed for failure to state a claim in the Magistrate Judge's Order. (*See* Doc. 14 at 7-8). Plaintiff's conclusory allegations are insufficient to state a claim for excessive force against this John Doe defendant. Plaintiff has not provided any additional factual support related to this allegation. The motion is **denied** as to amending the complaint to add this claim. Plaintiff's request to add a claim of deliberate indifference to safety against a John Doe defendant who allegedly witnessed the September 2015 excessive use of force by defendants Vansickle and Patrick but failed to stop the incident and encouraged the continuation is **denied**, for failure of plaintiff to allege this in the original complaint, the first amended complaint, or the proposed second amended complaint. Plaintiff has not explained the reasons for his delay in bringing this new claim at this juncture. Plaintiff also has not shown he made any attempt to discover the identity of the individual who allegedly witnessed the use of force. Given plaintiff's "undue delay in filing" his allegations concerning this John Doe defendant and plaintiff's "repeated failure to cure deficiencies [related to this allegation] by previous amendments," he will not be permitted to amend his complaint as to this claim. Plaintiffs' request to add a claim that two John Doe defendants failed to respond to his complaints that "homosexual slander" and fecal matter were present on the walls of his assigned cell and refused him cleaning supplies to remove those items from his cell is also **denied**, since plaintiff has had ample time to conduct discovery to ascertain the identities of these John Doe defendants and has failed to explain why he is only now asserting claims against them.

As required by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that plaintiff's objections to the Report and Recommendation are **overruled**. The Report is **adopted** in full. Plaintiff's third motion for leave to

amend his complaint (Doc. 43) is **denied**.  Plaintiff's motion for leave to file a motion for summary judgment (Doc. 43) is **moot**.  Plaintiff's motion to compel discovery (Doc. 43) is **denied** for failure to comply with Fed.R.Civ.P. 37 & S.D. Ohio Civ.R. 37.1.

This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this Order would not be taken in good faith, and therefore **denies** plaintiff leave to appeal *in forma pauperis*.  See McGore v Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

**SO ORDERED**.

Date: November 8, 2016                          s/Sandra S. Beckwith
                                                Sandra S. Beckwith, Senior Judge
                                                United States District Court